**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 10 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NIKOLAOS SKOKOS,

        Plaintiff - Appellant,

  v.

U.S. DEPARTMENT OF HOMELAND
SECURITY; U.S. CITIZENSHIP AND
IMMIGRATION SERVICES; UNITED
STATES OF AMERICA; JANET
NAPOLITANO, in her official capacity
only as Secretary of U.S. Department of
Homeland Security,

        Defendants - Appellees.

No. 10-15337

D.C. No. 2:09-cv-00193-RLH-
PAL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Roger L. Hunt, Chief District Judge, Presiding

Argued and Submitted March 1, 2011
Tempe, Arizona

Before:  CANBY, HAWKINS, and CLIFTON, Circuit Judges.

---

    [*]  This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Nickolaos Skokos ("Skokos"), a security consultant for Celine Dion, appeals the district court's summary judgment grant in favor of the defendants. We affirm.

The district court did not err by upholding the agency's conclusion that Skokos did not satisfy at least three criteria for "extraordinary ability" within one's field of expertise, as set forth in 8 C.F.R. § 204.5(h)(3)(i)-(x). Skokos did not present evidence that he had made "original" contributions having a "major significance" in his field of endeavor, as required by § 204.5(h)(3)(v). *See Kazarian v. USCIS*, 596 F.3d 1115, 1121-22 (9th Cir. 2010) (physicist who authored a self-published textbook, published articles and lectured extensively satisfied criterion for authorship of scholarly articles, but did not sufficiently establish that his work was of "major significance" in the field of physics, as required by the original contributions criterion).

Nor did the evidence demonstrate that Skokos commanded a high salary in comparison to others in his field, as required by 8 C.F.R. § 204.5(h)(3)(ix). The only evidence in the record of comparable salaries is that of the average "security guard." By Skokos's own description, he was much more than a security guard, but a security consultant with additional responsibilities of supervising other guards, arranging security in other locales and foreign countries, and providing round-the-clock protection to Ms. Dion and her family. The record is void of information regarding

salaries for security consultants who perform similar work for musical artists, celebrities, or other public figures. *See In re Price*, 20 I & N Dec. 953, 955 (BIA 1994) (considering professional golfer's earnings versus other PGA Tour golfers); *see also Grimson v. INS*, 934 F. Supp. 965, 968 (N.D. Ill. 1996) (considering NHL enforcer's salary versus other NHL enforcers); *Muni v. INS*, 891 F. Supp. 440, 444-45 (N. D. Ill. 1995) (comparing salary of NHL defensive player to salary of other NHL defensemen).[1]

Skokos's remaining arguments were not presented to the agency and we decline to reach them in the first instance. *See Geo-Energy Partners-1983 Ltd. v. Salazar*, 613 F.3d 946, 959 (9th Cir. 2010) (this court will not usually address issues which the agency did not have an opportunity to consider, absent exceptional circumstances); *Marathon Oil Co. v. United States*, 807 F.2d 759, 767-68 (9th Cir. 1986) (same).

AFFIRMED.

---

[1] Although Skokos may have presented sufficient evidence that he performed a critical role for a distinguished organization, 8 C.F.R. § 204.5(h)(3)(viii), any error with respect to this criterion is harmless because Skokos cannot satisfy at least two other regulatory requirements. *See Kazarian*, 596 F.3d at 1122.